# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40368
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AGUSTIN MARTINEZ-LOPEZ, also known as Agustin Martinez, also known as Agustin L. Martinez, also known as Augustin Lopez Martinez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-1421-1

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Agustin Martinez-Lopez challenges his above-Guidelines sentence of, *inter alia*, 36-months' imprisonment imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). He asserts his sentence was substantively unreasonable because the court made a clear error in judgment by considering the nature of his prior

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

state-court conviction and giving undue weight to the need to protect the public and to deter future criminal conduct.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As noted, Martinez does not claim procedural error, only that his sentence is substantively unreasonable. In that regard, his above-Guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006) (citations omitted).

The presentence investigation report, taking into account Martinez' prior-aggravated-felony offense of indecency with a child, recommended a Guidelines sentencing range of 15- to 21-months' imprisonment. Stating it had considered Martinez' criminal history, the need to protect the public (especially children), and the need to deter future criminal conduct, the court varied upward and sentenced Martinez to, *inter alia*, 36-months' imprisonment, to which Martinez objected.

No. 19-40368

Martinez has not asserted the court failed to consider the 18 U.S.C. § 3553(a) sentencing factors or included an irrelevant or improper factor. Along that line, both the need to protect the public and the need to deter future criminal conduct are proper factors to be considered in sentencing. *See* 18 U.S.C. § 3553(a). Martinez' challenge is simply a disagreement with the court's balancing of the § 3553(a) factors and does not show an abuse of discretion.

AFFIRMED.